UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Randy Lee Rindahl,

        Plaintiff,

   v.

United States Attorney's Office for Minnesota,

        Defendant.

Case No. 18-cv-3237 (JRT/ECW)

**ORDER**

---

This matter is before the Court on Plaintiff Randy Lee Rindahl's Motion to Vacate/Reconsideration [sic] and Motion to Appoint Counsel (Dkt. No. 6). The Court previously denied Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Dkt. No. 4). For the reasons stated below, the Court denies the Motion.

## I.    BACKGROUND

Plaintiff, a South Dakota state prisoner, filed this case on November 21, 2018 seeking a writ of mandamus compelling the United States Attorney's Office in this District to investigate and prosecute an employee of the South Dakota Department of Corrections for allegedly making threats against a federal judge. (Dkt. No. 1.) Plaintiff did not file a cover sheet with his filing, but the Clerk's Office identified the filing as a § 1983 prisoner civil rights complaint on the docket header. (*See generally* Dkt.) However, Plaintiff characterized the filing as a "Motion for an Action to Compel" and referenced 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original

jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff" in his papers. (*See* Dkt. No. 2 at 1; *see also* Dkt. No. 1 at 1 (referencing "his Petition for an Compel 'Mandamus'").)

Plaintiff did not pay the filing fee for this case, but instead applied for *in forma pauperis* ("IFP") status. (*See* Dkt. No. 3.) On November 27, 2018, the Court issued an Order denying Plaintiff's IFP application because Plaintiff is not permitted IFP status under 28 U.S.C. § 1915 of the Prison Litigation Reform Act ("PLRA"), which states that a prisoner may not bring a "civil action" as IFP status "if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." (Dkt. No. 4 (quoting 28 U.S.C. § 1915(g)).) The Court determined that Plaintiff's case, as a petition for writ of mandamus under 28 U.S.C. § 1361, was a "civil action" for purposes of § 1915(g) and that Plaintiff has at least five "strikes" for previously dismissed cases or appeals under § 1915(g). (*Id.* at 2 (citing *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997); *Martin v. Grimshaw*, 198 F.3d 248 (Table) (6th Cir. 1999); *Rindahl v. Pristen*, No. 13-4078, 2013 WL 5770540 (D.S.D. Oct. 24, 2013)). The Court ordered Plaintiff to pay the full $400 filing fee by December 22, 2018, if he chose to pursue this action, otherwise the Court would recommend dismissal without prejudice for failure to prosecute. (Dkt. No. 4 at 2-3.)

Instead of paying the required filing fee, Plaintiff sent a letter to the Court (Dkt. No. 5) and filed the present Motion to Vacate/Reconsideration under Federal Rule of Civil Procedure Rule 60(b) arguing that his petition for a writ of mandamus is not a "civil action" under § 1915(g) (Dkt. No. 6 at 5), and that the Court mischaracterized his petition as a § 1983 complaint rather than as seeking a writ of mandamus (Dkt. No. 5 at 1).[1] Plaintiff argued that a writ of mandamus, as a common law writ like a writ of habeas corpus, is not a "civil action" as defined in § 1915(g) and therefore not subject to the PLRA's "three strikes" rule. (*Id.* (citing *Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005) (holding "dismissed habeas petitions do not count as strikes under § 1915(g)))".) Plaintiff also filed an Affidavit of Endangerment in support of his Motion to Vacate/Reconsideration. (Dkt. No. 7.) Finally, Plaintiff asks the Court to appoint counsel to represent him in this action. (Dkt. No. 6 at 9.)

## II. MOTION TO VACATE/RECONSIDERATION

**A. Legal Standard**

Rule 60 "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quotations omitted). "Pursuant to District of Minnesota Local Rule 7.1(j), the Court will only grant permission to file a motion to reconsider 'upon a showing of compelling circumstances,' such as to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Ibrahim v. Mayo Clinic*, No. 14-cv-3026

---

[1] The letter and motion were docketed on December 10, 2018 and December 12, 2018, respectively.

(MJD/BRT), 2016 WL 7104865, at *2 (D. Minn. Oct. 7, 2016), *R.&R. adopted by*, 2016 WL 7045707 (D. Minn. Dec. 2, 2016) (footnote omitted) (quoting D. Minn. LR 7.1(j) and *Buetow v. A.L.S. Enters., Inc.*, No. 07-cv-3970 (RHK/JJK), 2010 WL 2104641, at *1 (D. Minn. May 21, 2010)). A party cannot use a motion to reconsider "as a vehicle to reargue the merits of the underlying Motion." *Id.*

**B.     Analysis**

Plaintiff's motion fails under Federal Rule of Civil Procedure 60 and District of Minnesota Local Rule 7.1(j) (which governs requests for permission to file a motion for reconsideration). *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) (stating that a motion for "reconsideration" directed at an order is properly considered under Rule 60). Here, Plaintiff has not shown exceptional or compelling circumstances for this Court to reconsider its Order denying Plaintiff IFP status.[2]

Plaintiff argues that the Court mischaracterized his petition as a § 1983 complaint (Dkt. No. 5 at 1). Although the Clerk's Office described Plaintiff's action as brought under § 1983 on the docket heading, the Court's order denying IFP status (Dkt. No. 4) plainly treats the Complaint as a petition for a writ of mandamus under § 1361. The Order never refers to § 1983, and instead states that Plaintiff "brings this action seeking a writ of mandamus compelling" Defendant to investigate and prosecute the alleged threat. (*Id.* at 1.) Moreover, the Court cited *Martin v. Grimshaw*, 198 F.3d 248 (6th Cir. 1999),

---

[2]     Plaintiff did not obtain the Court's permission to file his Motion to Vacate/Reconsideration as required by the Local Rules. *See* D. Minn. LR 7.1(j). This alone warrants denial of his motion to reconsider. *See United States v. Lockett*, No. 03-cr-88(1) (DSD/JSM), 2014 WL 117468, at *1 (D. Minn. Jan. 13, 2014).

4

noting that the court there found that an action "brought under 28 U.S.C. § 1361 is a 'civil action' for purposes of § 1915." (*Id.* at 2.) Accordingly, to the extent Plaintiff argues that the Court analyzed Plaintiff's action as a § 1983 action rather than a petition for a writ of mandamus, Plaintiff is incorrect. The fact that the docket header identifies Plaintiff's action as a § 1983 action does not constitute exceptional or compelling circumstances that would justify granting the Motion to Vacate/Reconsideration.

Next, the Court considers Plaintiff's argument that the Court erred in finding his petition for IFP barred by the "three strikes" rule of the PLRA. (Dkt. No. 6 at 5.) Plaintiff argues that his writ of mandamus petition does not fall within the purview of the PLRA because it is not a "civil action" as defined in § 1915(g). (*Id.*) Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Courts analyzing whether a petition for a writ of mandamus is covered by the PLRA draw a distinction between mandamus petitions related to civil cases versus those related to criminal cases or other cases, such as habeas petitions. *See, e.g.*, *Martin v. United States*, 96 F.3d 853, 854 (7th Cir. 1996) (finding PLRA applies to mandamus petition "if it is civil litigation, and the petition for mandamus filed in such a litigation" but "if it is criminal litigation; in such a case the petition for mandamus need not comply

5

[with the PLRA]"). This distinction between civil and criminal (as well as habeas) makes sense in this context because § 1915(g) refers to "a civil action or appeal a judgment in a civil action." In other words, an appeal relating to something other than a "civil action" is not covered by the PLRA. This line of reasoning specifically relates to writs of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651, which permits appellate courts to review interlocutory orders in exceptional cases. *See, e.g.*, *Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 953 (8th Cir. 1979). In that context, courts generally hold that a writ of mandamus is within the purview of the PLRA if the underlying action is a civil action. *See Tyler*, 110 F.3d at, 529 ("Although mandamus proceedings are not easily placed into distinct categories, we believe a mandamus petition arising from an ongoing civil rights lawsuit falls within the scope of the PLRA."); *Madden v. Myers*, 102 F.3d 74, 77 (3d Cir. 1996) (holding that a writ of mandamus relating to a habeas corpus action is not subject to the PLRA), *superseded in part on other grounds by* 3d Cir. L.A.R. 24.1(c); *Washington v. Los Angeles County Sheriff's Dep't*, 833 F.3d 1048, 1059 (9th Cir. 2016) ("We decline to assess a strike, however, because Washington's action took the form of a mandamus petition 'appealing' a criminal case.").

By contrast, petitions for writs of mandamus under 28 U.S.C. § 1361 "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff" are original actions filed in the district courts rather than arising from an underlying action. Mandamus petitions brought under § 1361 fall within the PLRA because they are categorized as civil actions. *See In re Banks*, 450 F. App'x 155, 157 n.1

(3d Cir. 2011) (unpublished) ("[N]either a civil-rights action nor a § 1361 petition was litigation 'of the type that Congress did not intend to curtail' by enacting the Prison Litigation Reform Act."); *Banks v. Hornak*, 698 F. App'x 731, 739 (4th Cir. 2017) (unpublished) ("[W]e conclude that Petitioner's Section 1361 petition is a 'civil action' within the meaning of Section 1915(g) and, thus, that Petitioner is barred from proceeding in forma pauperis on appeal by operation of the three-strikes rule."); *Martin*, 198 F.3d 248 at *1 ("An action brought under 28 U.S.C. § 1361 is a 'civil action' for purposes of the PLRA."); *see also Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("Based on the history and purpose of the Prison Litigation Reform Act, we conclude that petitions for a writ of mandamus are included within the meaning of the term 'civil action' as used in § 1915."); *Tillisy v. U.S. Fed. Bureau of Prisons*, C14-1768 RSM-BAT, 2015 WL 1058256, at *2 (W.D. Wash. Mar. 10, 2015) (finding § 1361 mandamus petition fell within scope of PLRA and dismissing for failure to exhaust remedies). Plaintiff's petition for a writ of mandamus falls within this category as well, and therefore is subject to the PLRA's "three strikes" rule.[3]

Finally, the Court addresses the "Affidavit of Endangerment" that Plaintiff filed with his Motion.[4] (Dkt. No. 7.) Plaintiff alleges that he is endangered because the South

---

[3] To the extent Plaintiff is seeking reconsideration of the Court's November 27, 2018 finding that he has already struck out of federal court (*see* Dkt. No. 4 at 2), Plaintiff has not shown exceptional or compelling circumstances that warrant reconsideration of that finding.

[4] In addition to the reasons for denial discussed below, the Court also denies the motion because a motion for reconsideration should not be used "as a vehicle to assert a

Dakota Department of Corrections has "falsely labled [sic]" him as a member of the Ku Klux Klan and then assigned him to a double cell with inmates of another race whom he claims have gang ties "directly related to prior attempts to bring forth the threats against" the federal judge. (*Id.* at 2.) He alleges that he has shared a double cell with five such inmates. (*Id.*) The Court finds that Plaintiff's allegations of endangerment do not meet the "imminent danger of serious physical injury" of § 1915(g) and instead are the type of speculative danger that courts reject. For example, in *Pinson v. Samuels*, the D.C. Circuit rejected an inmate's claim of imminent danger resulting from the Bureau of Prison's choice to "designate him to a particular facility notwithstanding its reputation as a dangerous place for inmates possessing certain characteristics—here, as a rival gang-member and homosexual." 761 F.3d 1, 5 (D.C. Cir. 2014). The D.C. Circuit held that such an allegation does not pose an ongoing threat. *Id.* Similarly, Plaintiff's claim of imminent danger is speculative. Plaintiff alleges he has already shared a cell with five such fellow inmates he claims are dangerous, yet he does not allege that any of them has actually injured him. This highlights the speculative nature of his affidavit. Moreover, the Court takes judicial notice that Plaintiff's "previous claims of imminent danger have been deemed inadequate or exaggerated." *Rindahl v. Daugaard*, CIV. 11-4131, 2011 WL 4625984, at *1 (D.S.D. Sept. 30, 2011) (noting that Plaintiff's IFP was initially granted but later revoked based on Plaintiff's misrepresentations to the Court in a

---

new basis for" granting the IFP request, that could have been asserted earlier. *See Buetow v. A.L.S. Enters., Inc.*, 259 F.R.D. 187, 193-94 (D. Minn. 2009).

previous case). For these reasons, the Court finds that Plaintiff has failed to adequately allege imminent danger of serious physical harm.

### III. MOTION TO APPOINT COUNSEL

Plaintiff also asks the Court to appoint counsel to represent him in this proceeding. (Dkt. No. 6 at 9.) Plaintiff's motion is premature, as Plaintiff has not yet paid the requisite filing fee. In any event, pro se litigants, (whether prisoners or non-prisoners), do not have a constitutional or statutory right to counsel in civil cases. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues, and whether both the litigant and the Court would benefit from representation by counsel for both parties. *McCall*, 114 F.3d at 756; *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues involved in this case are so complex as to warrant appointment of counsel. It appears to the Court that Plaintiff has the threshold ability to articulate his claims and to argue his positions, and his submissions in this matter demonstrate that he has been able to communicate effectively with the Court. Moreover, the Court is presently satisfied that appointment of counsel would not substantially benefit Plaintiff or the Court. Plaintiff's request for appointment of counsel is therefore denied.

## IV. ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Plaintiff's Motion to Vacate/Reconsideration (Dkt. No. 6) is **DENIED**.

2. Plaintiff's Motion to Appoint Counsel (Dkt. No. 6) is **DENIED**.

3. Plaintiff must pay the full $400 filing fee for this action by no later than February 15, 2019, failing which this Court will recommend that this action be dismissed without prejudice for failure to prosecute.

DATED: January 31, 2019
*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge