# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| RANDY LEE RINDAHL, | Civ. No. 18-3237 (JRT/ECW) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER** |
| UNITED STATES ATTORNEY'S OFFICE FOR MINNESOTA, | |
| Defendant. | |

Randy Lee Rindahl, Department of Corrections State Penitentiary, W104 #07105, P.O. Box 5911, Sioux Falls, SD 57117, *pro se* plaintiff.

This matter is before the Court on Plaintiff Randy Lee Rindahl's objection to Magistrate Judge Wright's denial of his Motion to Vacate a previous ruling. Because the Magistrate Judge did not clearly err, the Court will overrule Rindahl's objection.

## BACKGROUND

On November 21, 2018, Plaintiff Randy Lee Rindahl, an inmate of the South Dakota Department of Corrections ("SDDC"), brought this action against the United States Attorney's Office for The District of Minnesota ("USAO"). (Compl., Nov. 21, 2018, Docket No. 1; Mot. for an Action to Compel ("Petition"), Nov. 21, 2018, Docket No. 2.) In his "Motion for an Action to Compel" (the "Petition"),[1] Rindahl sought a writ of

---

[1] In the Petition, Rindahl referenced 28 U.S.C. § 1361. (Petition at 1.) Although the docket labels this action as a "§ 1983 Complaint," the Court will treat it as a petition for a writ of mandamus in accordance with the language of the filings. (*See* Docket No. 1.)

1

mandamus compelling the USAO to investigate and prosecute an employee of the SDDC for making threats against a federal judge. (Compl. at 2; Petition at 1-2.) Rindahl did not pay the filing fee, but instead filed an application to proceed in forma pauperis (the "IFP Application"). (Appl., Nov. 21, 2018, Docket No. 3.)

Magistrate Judge Wright denied Rindahl's IFP Application under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). (Order, Nov. 27, 2018, Docket No. 4.) Section 1915(g) bars prisoners from bringing a civil action in forma pauperis when "the prisoner has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). It makes an exception for cases in which a "prisoner is under imminent danger of serious physical injury." *Id.*

The Magistrate Judge cited three factors that, together, bar Rindahl's IFP Application under § 1915(g). First, the Magistrate Judge found that, because the Petition is unrelated to an ongoing habeas corpus or criminal proceeding, it is a civil action. (Order at 2.) Second, citing a previous case involving Rindahl in the United States District Court for the District of South Dakota, the Magistrate Judge found that Rindahl had already filed at least five complaints in a United States court that were dismissed for being frivolous, malicious, or failing to state a claim. (*Id.*) (citing *Rindahl v. Pristen*, No. Civ. 13-4078-RAL, 2013 WL 5770540, at *1 (D.S.D. Oct. 24, 2013)). Finally, the Magistrate Judge found that the exception to the "three strikes" rule does not apply in this case because Rindahl did not allege or show that he is in "imminent danger of serious physical injury."

2

(*Id.*)  Accordingly, the Magistrate Judge ordered Rindahl to pay the $400 filing fee in full by December 22, 2018, noting that she would recommend the case be dismissed for failure to prosecute if Rindahl did not pay.  (Order at 3.)

Rather than pay the filing fee, Rindahl filed a "Motion to Vacate/Reconsider Under Rule 60(b)" ("Motion to Vacate").  (Mot. to Vacate/Reconsider, Dec. 12, 2018, Docket No. 6.)  Rindahl argued that the Magistrate Judge improperly characterized the Petition as a § 1983 complaint, when it is actually a common law writ and therefore not a civil action subject to § 1915(g).  (*Id.* at 5;  Letter at 1, Dec. 10, 2018, Docket No. 5.)  Accordingly, he asked the Magistrate Judge to reconsider the Order denying his IFP Application.  In support of the Motion to Vacate, Rindahl filed an affidavit claiming that he was falsely labeled by the SDDC as a member of the Ku Klux Klan and placed in a cell with rival gang members.  (Aff. at 2, Dec. 12, 2018, Docket No. 7.)

The Magistrate Judge denied the Motion to Vacate, holding that Rindahl failed to establish the exceptional or compelling circumstances required for relief under Federal Rule of Civil Procedure 60 and District of Minnesota Local Rule 7.1(j).[2]  (Order ("2d Order") at 4, Jan. 31, 2019, Docket No. 8.)  The Magistrate Judge based her decision on the following findings: (1) despite a docket header labeling the Petition as a "§ 1983 Complaint," the Order denying Rindahl's IFP Application treated the Petition as a petition

---

[2] A motion to reconsider a nonfinal order is construed as a 60(b) motion.  *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999).  Rule 60(b) "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like).  It is not a vehicle for simple reargument on the merits." *Id.* at 990.  Similarly, Local Rule 7.1(j) requires a party to "show compelling circumstances."  D. Minn. LR 7.1(j).

for a writ of mandamus under 28 U.S.C. § 1361; (2) as a mandamus petition filed under § 1361, the Petition is a civil action subject to the PLRA; and (3) Rindahl's claims of imminent danger are speculative and do not warrant IFP status under § 1915(g). (2d Order at 4-9.) The Magistrate Judge also noted that the Motion to Vacate could be denied based on Rindahl's failure to obtain the Court's permission to file such a motion as required by Local Rule 7.1(j).[3] (*Id.* at 4 n. 2).

Following the denial of the Motion to Vacate, Rindahl filed a "Writ of Error Corum Nobis" ("Writ of Error"), which is now before the Court.[4] (Notice, Feb. 11, 2019, Docket No. 9.)

## DISCUSSION

**I.  Standard of Review**

Because the Writ of Error describes Rindahl's disagreement with Magistrate Judge Wright's Order dated January 31, 2019, the Court construes it as a timely objection to that Order. The standard of review on an objection to a magistrate judge's order depends on whether the ruling is dispositive. *See* Fed. R. Civ. P. 72; *accord* D. Minn. LR 72.2(a)-(b). The district court reviews a magistrate's dispositive rulings *de novo*, while it reviews non-dispositive rulings for clear error. Fed. R. Civ. P. 72.

---

[3] Local Rule 7.1(j) requires a party to seek prior permission before filing a motion to reconsider. D. Minn. LR 7.1(j).
[4] After filing the Writ of Error, Rindahl filed a motion asking the Court to consider the Writ of Error. (Mot., April 19, 2019, Docket No. 10.) Because the Writ of Error is before the Court now, the Court will deny the later motion as moot.

The Order denying the Motion to Vacate left Rindahl free to proceed with this matter upon payment of the $400 filing fee. It is therefore not dispositive. As such, the Court will apply a clear error standard.

**II. Analysis**

Rindahl objects only to the Magistrate Judge's classification of this matter as a civil action subject to § 1915(g) of the PLRA. Rindahl cites *Madden v. Myers*, where the Third Circuit declined to determine whether writs of mandamus brought pursuant to 28 U.S.C. § 1361 were subject to the PLRA. 102 F.3d 74, 76 n.2 (3d Cir. 1996). *Madden* does not support Rindahl's objection. The court in *Madden* did not hold that § 1361 petitions are exempt from the PLRA, but instead declined to decide the issue. *See id.* Moreover, that case is not binding on this Court.

While the Eighth Circuit has not addressed whether § 1361 petitions are civil actions subject to § 1915(g), case law from jurisdictions addressing the issue supports the Magistrate Judge's determination. For instance, in *Banks v. Hornak*, the plaintiff brought a petition under § 1361, seeking to compel an investigation into several government officials. 698 F. App'x 731, 733-34 (4th Cir. 2017). The Fourth Circuit held that, because the plaintiff did not seek relief in existing criminal proceedings, but instead sought to compel new proceedings, his petition was a civil action for purposes of the PLRA. *Id.* at 739. Here, as in that case, Rindahl's Petition is unrelated to prior criminal proceedings against him. *See also In re Banks*, 450 F. App'x 155, 157 n.1 (3d Cir. 2011) (unpublished) (petitioner seeking to compel city officials to send his mail was subject to requirements of

5

§ 1915(g)); *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) (concluding that petitions for writs of mandamus are "civil actions" as defined by § 1915). The Court thus finds that the Magistrate Judge did not err in treating the Petition as a civil action subject to § 1915(g) and denying the Motion to Vacate on that basis.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection/Notice (Writ of Error Corum Nobis) [Docket No. 9] is **OVERRULED**; and

2. Plaintiff's Motion to Be Brought Forth [Docket No. 10] is **DENIED** as moot.

DATED: May 6, 2019　　　　　　　　　_____
at Minneapolis, Minnesota.　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　United States District Court